UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MYRON LAMAR FRAZIER (#312773)**                            **CIVIL ACTION**

**VERSUS**

**WARDEN JOHN SMITH**                                        **NO. 14-0756-JJB-RLB**

**O R D E R**

The *pro se* petitioner, an inmate confined at the Tensas Parish Detention Center, Waterproof, Louisiana, brought this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, complaining that his constitutional rights have been violated in connection with his 2012 convictions, entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on two (2) counts of unauthorized entry of a place of business (violations of La. R.S. 14:62.4), one (1) count of second degree battery (a violation of La. R.S. 14:34.1), and one (1) count of resisting an officer (a violation of La. R.S. 14:0108). The petitioner asserts that (1) the trial court erred by failing to sever the offenses occurring on different dates, (2) there was insufficient evidence to support the convictions for unauthorized entry of a place of business, and (3) the trial court erred by refusing the petitioner's request for a special jury charge.

Pursuant to 28 U.S.C. § 2254(b) and (c), a claimant seeking federal habeas corpus relief is required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when a petitioner's claims have been properly presented to the state's highest court, in this case the Louisiana Supreme Court, either on direct review or on post-conviction attack. *Rose v. Lundy*, 455 U.S. 509, 522 (1982)*; Bufalino v. Reno,* 613 F.2d 568, 570 (5th Cir. 1980). Notwithstanding the petitioner's

assertion in his application that he has presented his claims before the state's highest court, *see* R. Doc. 1 at p. 2, the Court is unable to determine whether this assertion is true. Specifically, whereas the Court has determined that the petitioner presented his claims before the intermediate Louisiana appellate court, which court affirmed the petitioner's convictions on December 19, 2013, *see State v. Frazier*, 2013 WL 6726848 (La. App. 1st Cir. Dec. 19, 2013), the Court has found no record, in the "presumptively accurate published jurisprudence of the State of Louisiana," that the petitioner has presented his claims before the Louisiana Supreme Court. *See Reed v. Keith*, 2014 WL 940587, *1 at note 1 (W.D. La. Mar. 11, 2014). Accordingly,

**IT IS ORDERED** that, within thirty (30) days of the date of this Order, the petitioner shall provide to the Court, in writing, any evidence within his possession or control that reflects that he has presented and/or exhausted the claims asserted in this proceeding before the Louisiana Supreme Court. The petitioner is advised that a failure to provide a response to this Order within the time allowed may result in a dismissal of this proceeding without further notice from the Court.

Signed in Baton Rouge, Louisiana, on February 25, 2015.

                                                                        **RICHARD L. BOURGEOIS, JR.**
                                                                        **UNITED STATES MAGISTRATE JUDGE**