UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MYRON LAMAR FRAZIER**                                          **CIVIL ACTION**

**VERSUS**

**WARDEN JOHN SMITH**                                             **NO. 14-756-JJB-RLB**

<u>**consolidated with**</u>**:**

**MYRON LAMAR FRAZIER**                                          **CIVIL ACTION**

**VERSUS**

**WARDEN JOHN SMITH**                                             **NO. 14-787-JJB-RLB**

<u>**NOTICE**</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 23, 2016.

                                            **RICHARD L. BOURGEOIS, JR.**
                                            **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MYRON LAMAR FRAZIER**                                                           **CIVIL ACTION**

**VERSUS**

**WARDEN JOHN SMITH**                                                             **NO. 14-756-JJB-RLB**

<u>**consolidated with**</u>**:**

**MYRON LAMAR FRAZIER**                                                           **CIVIL ACTION**

**VERSUS**

**WARDEN JOHN SMITH**                                                             **NO. 14-787-JJB-RLB**

## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the Court are Petitions for Writ of Habeas Corpus filed by the petitioner in these consolidated matters. In its Answer, the State of Louisiana, through the Office of the District Attorney, 19th Judicial District, Parish of East Baton Rouge, seeks dismissal of the petitions due to the failure of petitioner to present his claims to the state's highest court. (R. Doc. 10). The State seeks to have the Petition for Writ of Habeas Corpus (R. Doc. 1) filed by petitioner, Myron Lamar Frazier dismissed for failure to exhaust his claims.

### Procedural History

The petitioner was charged by bill of information with two counts of unauthorized entry of a place of business, violations of La. R.S. 14:62.4 (counts 1 and 3); resisting a police officer with force or violence, a violation of La. R.S. 14:108.2 (count 2); and second degree battery, a violation of La. R.S. 14:34.1 (count 4). He pled not guilty and, following a jury trial, was found guilty as charged on counts 1, 3, and 4, and guilty of the responsive offense of resisting an officer, a violation of La. R.S. 14:108, on count 2. The petitioner filed a motion for postverdict judgment of acquittal, which was denied. For each of the unauthorized entry of a place of

business convictions, the petitioner was sentenced to six years imprisonment at hard labor; for the second degree battery conviction, he was sentenced to five years imprisonment at hard labor; for the resisting an officer conviction, he was sentenced to six months in the parish prison. *State of Louisiana v. Frazier*, No. 2013 KA 0778, 2013 WL 6726848, (La. App. 1 Cir. 12/19/2013). The trial court ordered counts 1 and 2 (unauthorized entry of a place of business and resisting an officer) to run concurrently; it ordered counts 3 and 4 (unauthorized entry of a place of business and second degree battery) to run concurrently.  The trial court further ordered counts 1 and 2 to run consecutively to counts 3 and 4.

The State filed a habitual offender bill of information and the petitioner was adjudicated a fourth-felony habitual offender.  The trial court then vacated the original sentence on the first count of unauthorized entry of a place of business and imposed a sentence of twenty-five years imprisonment at hard labor under the habitual offender law.  The petitioner filed a motion to reconsider sentence, which was denied.

The petitioner appealed his convictions asserting three grounds: denial of his motion to sever, sufficiency of the evidence, and denial of his request for a special jury instruction.  The petitioner's conviction and sentence were affirmed by the appellate court on December 19, 2013. The petitioner filed a separate appeal of his habitual offender sentence arguing that the sentence is unconstitutionally excessive.  His habitual offender adjudication and sentence were affirmed by the appellate court on September 24, 2014.

The petitioner's Petition for Writs of Habeas Corpus indicates that he did not seek further review in the Louisiana Supreme Court in connection with either the appeal of his convictions or the appeal of his habitual offender adjudication and sentence.  On February 25, 2015, this Court ordered the petitioner to provide the Court with any evidence in his possession that reflects that he has presented and/or exhausted the claims presented in his habeas application before the

Louisiana Supreme Court. *See* R. Doc. 4. The petitioner failed to respond. The State asserts that the petitioner has failed to exhaust his claim in the state courts, and after a review of the certified state court record and a presumptively accurate Westlaw records review the Court has not located any document or information which would suggest that the petitioner has presented the claims asserted herein for review before the Louisiana Supreme Court. Nor is there any indication that the plaintiff has presented the claims currently before the Court in an application for post-conviction relief.

## Applicable Law and Analysis

Pursuant to 28 U.S.C. § 2254(b)(1)(A), an application for a writ of habeas corpus shall not be granted unless it appears that the applicant has exhausted the remedies available in state courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement is only satisfied when the substance of a federal habeas claim has been "fairly presented" to the highest state court. *Smith v. Quarterman,* 515 F.3d 392 (5th Cir. 2008) (The exhaustion of state court remedies requirement mandates that one petitioning for federal habeas relief from a state court conviction must have provided the highest court of the state with a fair opportunity to apply controlling federal constitutional principles to the same factual allegations, before a federal court may review any alleged errors). Since the petitioner did not present the claims asserted in his instant habeas petition to the Louisiana Supreme Court for direct appellate review or in an application for post-conviction relief, he has not exhausted his claims. As a result, his present habeas petitions should be dismissed, without prejudice, for failure to exhaust state court remedies.

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court

may address whether she would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## **RECOMMENDATION**

For the above reasons, it is recommended that the Petitions for Writ of Habeas Corpus should be dismissed, without prejudice, for failure to exhaust state court remedies. It is further recommended that, in the event that the petitioner seeks to pursue an appeal, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on May 23, 2016.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE