UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MYRON LAMAR FRAZIER**                                                          **CIVIL ACTION**

**VERSUS**

**WARDEN JOHN SMITH**                                                             **NO. 14-756-JJB-RLB**

<u>**consolidated with:**</u>

**MYRON LAMAR FRAZIER**                                                          **CIVIL ACTION**

**VERSUS**

**WARDEN JOHN SMITH**                                                             **NO. 14-787-JJB-RLB**

**ORDER**

Before the Court is the petitioner's Motion to Stay and Abey (R. Doc. 16). On May 23 2016, the Magistrate Judge issued a Report and Recommendation (R. Doc. 13) recommending that the petitioner's Petitions for Writ of Habeas Corpus be dismissed, without prejudice, for failure to exhaust state court remedies. The petitioner then filed his Motion to Stay and Abey, and this matter was referred back to the Magistrate Judge for consideration of said Motion. *See* R. Doc. 17.

The petitioner asserts that he failed to exhaust his state court remedies because he misunderstood a notice sent to him by the Louisiana Appellate Project stating that they "did not carry over his appeal into the Louisiana Supreme Court." The plaintiff alleges that he understood the notice to mean that his next step was to file in the federal court. Relying upon *Rhines v. Webber,* 544 U.S. 269 (2005), the plaintiff asks this Court to stay the proceedings herein until the plaintiff has exhausted his state court remedies.

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of his claims before presenting them to the district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....")  The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contained even a single unexhausted claim – the "total exhaustion" requirement.  *Rose v. Lundy,* 455 U.S. 509, 518–19 (1982).

In *Rhines v. Weber,* 544 U.S. 269 (2005), the Supreme Court created an exception to *Lundy* for mixed petitions.  The Supreme Court held that a district court may stay a mixed petition rather than dismiss it, holding the petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court.  *Id.*  However, the Court feared that liberal use of this stay-and-abeyance procedure might undermine the Antiterrorism and Effective Death Penalty Act's twin purposes of encouraging the swift execution of criminal judgments and favoring the resolution of habeas claims in state court, if possible, before resorting to federal review.  *Id.* at 276–78.  Therefore, *Rhines* mandated that a district court should grant a stay and abeyance only in limited circumstances where: (1) the petitioner had good cause for his failure to exhaust his claims first in state court, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  *Id.*

However, a stay is not appropriate where, as here, the petitioner has failed to exhaust *any* of his claims.  *See, e.g. Tappin v. United States Dist. Ct.,* No. 1-05-CV-00190-TAG, 2008 WL 686555 at *8 (E.D. Cal. Mar.11, 2008) (holding that federal court must dismiss a completely unexhausted habeas petition); *Dollar v. Rogers,* No. 05-5594(RBK), 2007 WL 2990663 at *11

(D. N.J. Oct.9, 2007) (holding that *Rhines* is not directly applicable where federal writ is not a "mixed petition" and none of petitioner's claims are properly exhausted); *Baldonado v. Elliott,* No. CV-05-3136-PHX-SMM, 2006 WL 1698138 at *7 (D. Ariz. Jun.15, 2006) (stay not appropriate because petitioner did not exhaust any claims and "there are no claims for the Court to hold in abeyance").

Furthermore, even if the petitions were "mixed" petitions, presenting both exhausted and unexhausted claims, the petitioner's confusion does not constitute good cause for his failure to exhaust state court remedies.  Accordingly,

**IT IS ORDERED** that the petitioner's Motion to Stay and Abey (R. Doc. 16) be and is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on July 29, 2016.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**